UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL EVERETT SNODGRASS,

        Plaintiff,

v.

                                                    Case No. 3:20-cv-134-J-34MCR

DR. NATHANIEL WILLIAMS AND
REGIONAL MEDICAL CLINIC
OR RMC WARDEN,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Daniel Everett Snodgrass, an inmate of the Florida penal system, initiated this action on February 11, 2020, by filing a pro se Civil Rights Complaint Form (Complaint; Doc. 1). In the Complaint, Snodgrass names the following Defendants: (1) Dr. Nathaniel Williams, an oral surgeon, and (2) the Warden at the Regional Medical Center (RMC) in Lake Butler, Florida. He asserts that Defendant Williams was negligent when he cut a hole in Snodgrass's sinus cavity while pulling a wisdom tooth on March 27, 2019, at RMC. As relief, he seeks monetary damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A. Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir.

1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

Preliminarily, the Court observes that the RMC is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015); accord Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Because the RMC is not a legal entity amenable to suit, Snodgrass fails to state a § 1983 claim upon which relief may be granted against the medical facility.

As to any complaints about the negligent acts and unprofessional conduct by Defendant Williams in providing allegedly substandard dental care, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due

care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham, 654 F.3d at 1176 (quotation marks and citation omitted). While Plaintiff's allegations may suggest medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Consequently, the allegedly negligent conduct of which Snodgrass complains does not rise to the level of a federal constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action.

Moreover, as to Snodgrass's interest in addressing any ongoing violations at the hands of dental personnel, such as a delay in obtaining his false teeth, he may seek such relief by initiating a grievance pursuant to the prison's administrative grievance procedures. Although the grievance process does not permit an award of money damages, the grievance tribunal has the authority to take responsive action. As an additional measure to provide Snodgrass with potential guidance, he may contact his classification officer to inquire about any concerns he may have about access to sick call and/or physicians, including dentists and/or specialists, to evaluate his medical condition and determine if he needs any remedial treatments.

Next, Snodgrass asserts that he was chained during his transportation to and from the RMC. See Complaint at 3. However, he fails to assert any facts as to how Defendants Williams and the RMC Warden were involved in the alleged abuse. To the extent Snodgrass asserts a supervisory claim against the RMC Warden, see Complaint at 4, the United States Court of Appeals for the Eleventh Circuit has stated:

4

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[1] "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).
>
> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[2] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008) (overruled on other grounds as recognized by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (rejecting the application of a heightened pleading standard for § 1983 cases involving qualified immunity)); see also Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

---

[1] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

[2] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights,[3] (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights,[4] (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it,[5] or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. See id. at 1328–29 (listing factors in context of summary judgment).[6] A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836–37 (11th Cir. 1990).

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam). Here, any supervisory claim against the RMC Warden fails because Snodgrass has failed to allege any facts suggesting that the RMC Warden was personally involved in, or otherwise causally connected to, any alleged violations of his federal statutory or constitutional rights.

Snodgrass also complains that his property was missing when the Florida Department of Corrections (FDOC) returned him to his penal institution on December 9, 2019. Nevertheless, Plaintiff does not allege any facts suggesting how the institution failed to provide him with due process. Regardless, the Due Process Clause is not

---

[3] See Goebert v. Lee Cty., 510 F.3d 1312, 1327 (11th Cir. 2007) ("Causation, of course, can be shown by personal participation in the constitutional violation.").

[4] See Goebert, 510 F.3d at 1332 ("Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations.").

[5] See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("Douglas's complaint alleges that his family informed [Assistant Warden] Yates of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a reasonable inference that Yates knew that the subordinates would continue to engage in unconstitutional misconduct but failed to stop them from doing so.").

[6] See West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

offended when a state employee intentionally deprives an individual of his property as long as the State provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014) (per curiam); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009). For a deprivation of property, Snodgrass has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officer[] for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)).

As to Snodgrass's remaining argument that he was "100% framed" in his "bogus criminal case," Complaint at 12, the Court finds that he is attempting to challenge the fact and validity of his confinement. To the extent Snodgrass seeks to invalidate his criminal proceedings, he must seek relief via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Prior to instituting a federal-habeas proceeding, Snodgrass first must exhaust all state remedies, after which Snodgrass then may seek a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, if he so desires.

For the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Snodgrass's right to refile his claim under 42 U.S.C. § l983 with sufficient factual allegations to support a claim under § 1983 against the proper Defendants, if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Clerk of Court will be directed

to provide a civil rights complaint form and Affidavit of Indigency form to Snodgrass. If Snodgrass chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Snodgrass either must pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

4. The Clerk shall terminate any pending motions and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of February, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 2/13
c:
Daniel Everett Snodgrass, FDOC #134886